PER CURIAM.
We review the findings and recommendations of the Florida Judicial Qualifications Commission (JQC), recommending that Judge Brenda C. Wilson be publicly reprimanded for various acts of misconduct. We have jurisdiction. Art. V, § 12, Fla. Const.
On December 28, 1998, the Investigative Panel of the JQC filed a “Notice of Formal Charges” in this Court. The charges are summarized as follows.
During the early morning hours of May 2, 1998, Judge Wilson drove to a Denny’s restaurant after consuming alcoholic beverages. Judge Wilson joined a group of intoxicated people and witnessed one of the people handle a video surveillance camera that belonged to Denny’s restaurant. Judge Wilson then accompanied the group to the residence of one of the group’s members, where she saw that one person from this group had possession of the camera and was told that it had been taken from Denny’s. Judge Wilson did not report the theft of the camera.
Judge Wilson returned to Denny’s restaurant, while intoxicated, approximately two weeks later. When questioned by Denny’s employees, Judge Wilson claimed she had no knowledge of the theft. When Judge Wilson discovered the employee knew her identity, she asked that her name be kept out of the matter. Only after learning the theft had been reported to law enforcement did Judge Wilson provide the employees with information as to the identity of the person she saw in possession of the camera.
Deputy sheriffs later interviewed Judge Wilson concerning the theft of the camera. Judge Wilson initially told detectives that she went home after leaving Denny’s, concealing her knowledge that a crime had taken place. After being informed by the deputies that other witnesses had told them she had accompanied the group to the residence, Judge Wilson admitted being there and told the deputies what had happened.
The Investigative Panel further asserted that Judge Wilson’s behavior indicated a potential addiction to alcohol which could affect her fitness to serve as a judge. The Investigative Panel also concluded that if these acts occurred they could constitute a violation of Canons 1, 2(A), and 5(A)(2) of the Code of Judicial Conduct, and impair confidence in the integrity of the judicial system and Judge Wilson, demonstrating her present unfitness to hold office.
Judge Wilson did not contest the allegations contained in the “Notice of Formal Charges” and waived her right to trial by the hearing panel of the Commission. In’ *633 addition, prior to the stipulation, Judge Wilson voluntarily began a counseling program with a psychologist and signed a one-year Florida Lawyers Assistance, Inc., rehabilitation contract in which she agreed to participate in a twelve-step program and actively participate in a support group program for recovering professionals.
The Investigative Panel in its findings and recommendations found the facts to be as set forth in the “Notice of Formal Charges” and recommended the following discipline:
1. A ten-day suspension without pay.
2. A public reprimand by the Supreme Court of Florida.
3. Completion of an alcohol treatment program at a facility approved by the JQC.
4. Continued counseling with a psychologist until the psychologist determines counseling is no longer necessary, with written quarterly reports regarding her progress provided to the JQC.
5. An in-person apology to Agent Christopher Reeves and Sergeant Michael DeTar of the Lee County Sheriffs Office for making false statements to them concerning the theft of the video camera.
6. A written apology to the manager of the Denny’s restaurant, for making a false statement to him concerning the theft of the video camera and for asking him to keep Judge Wilson’s name out of the matter.
In reviewing the parties’ stipulation, we have considered Judge Wilson’s admitted misconduct and her voluntary enrollment in counseling, a twelve-step program, and a support group. After considering those factors, we approve the findings and recommendations. However, we require Judge Wilson to appear before this Court to receive her public reprimand. In In re Norris, 581 So.2d 578, 579 (Fla.1991), this Court found that requiring a judge to make a personal appearance to receive a public reprimand “truly is extraordinary and has been done only when the judge’s conduct reflects either a willful disregard of the law or serious, cumulative misconduct on the bench.” In our view, Judge Wilson’s actions in this case fit within the category of “willful disregard of the law” we referred to in Norris. In the present case, Judge Wilson attempted to hinder law enforcement by asking the employees at Denny’s not to identify her as a witness to a crime. Judge Wilson further showed her disregard for law enforcement when she initially lied to two deputy sheriffs concerning her knowledge that a crime had taken place. This conduct is unacceptable from a judge who is sworn to uphold the law and illustrates a serious violation of the Code of Judicial Conduct.
Accordingly, we hereby command Judge Brenda C. Wilson to appear before this Court for the administration of a public reprimand at 9 a.m. on Monday, December 6,1999, for the actions noted above.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.